## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

**Kurian Benjamin,**

           **Plaintiff,**

**v.**

**Experian Information Solutions, Inc., an
Ohio corporation, and Wells Fargo
Home Mortgage, a division of Wells
Fargo Bank, N.A.,**

           **Defendants.**

**Civ. No. 14-0810 (JRT/JJG)**

**REPORT AND RECOMMENDATION**

---

JEANNE J. GRAHAM, United States Magistrate Judge

The above-captioned case is before the Court on Defendant Wells Fargo Home Mortgage's Motion to Dismiss (ECF No. 8), in which Defendant Experian Information Solutions, Inc. ("Experian") joined in part (ECF No. 13). Plaintiff Kurian Benjamin ("Benjamin") opposes the motion.

Wells Fargo Home Mortgage ("Wells Fargo"), with Experian's consent, removed this action to federal court on March 24, 2014, and moved for dismissal soon thereafter. Experian then filed a "notice of joinder" adopting and incorporating the statute of limitations portion of Wells Fargo's dismissal motion and memorandum. The motion was referred to the undersigned United States Magistrate Judge by the Honorable John R. Tunheim, United States District Judge, in an Order of Reference dated May 5, 2014 (ECF No. 27). For the reasons set forth below, the Court recommends that the motion be granted.

I.      **Facts Alleged in the Complaint**

There are few facts set forth in the Complaint. Benjamin alleges that page 14 of Experian's July 6, 2011, credit report incorrectly stated that his Wells Fargo home mortgage was discharged in a Chapter 7 bankruptcy even though the mortgage had been satisfied in December 2010. (Compl. ¶¶ 11-12, Mar. 24, 2014, ECF No. 1-1.) He alleges that he informed Defendants of the incorrect information, but Defendants failed to correct the error, in violation of "§ 611 of the Fair Credit Reporting Act."[1] (*Id.* ¶¶ 2, 13.)

II.     **Discussion**

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] When considering a motion to dismiss brought pursuant to Rule 12(b)(6), the Court accepts as true the facts alleged in the Complaint and construes all reasonable inferences in the light most favorable to the plaintiff. *See Butler v. Bank of Am., N.A.*, 690 F.3d 959, 961 (8th Cir. 2012). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] At times, Benjamin refers to the public law sections of the Fair Credit Reporting Act, but at other times to the codified version. Construing Benjamin's Complaint liberally, the Court evaluates his claims pursuant to 15 U.S.C. §§ 1681i (procedure in case of disputed accuracy) and 1681s-2 (responsibilities of furnishers of information to consumer reporting agencies).

[2] The Court recommends that Experian's request for joinder (ECF No. 13) be granted. Accordingly, the Court treats the motion as if it were brought by both Wells Fargo and Experian.

Generally, on a Rule 12(b)(6) motion, a court may not consider matters outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). A court may make exceptions for matters of public record, judicial orders, documents necessarily embraced by the pleadings, and exhibits attached to the pleadings, as long as those documents do not conflict with the complaint. *Id.* Pro se complaints are construed liberally, but the Court may not supply additional facts or fashion a legal theory that assumes facts that have not been pleaded. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

The present action involves the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et. seq*. Under the FCRA, a consumer-reporting agency (CRA) is required to conduct a reasonable reinvestigation of the accuracy of a consumer's credit information if that consumer disputes the accuracy with the agency. *See* 15 U.S.C. § 1681i(a)(1)(A). Once a consumer disputes the information, the CRA is required to notify "any person who provided any item of information in the dispute." *Id.* § 1681i(a)(2)(A). Once this notification is given, the furnisher of the information must conduct its own investigation and report back to the CRA on the accuracy of the disputed information. *Id.* § 1681s-2(b)(1).

### A.     Statute of Limitations

Because Benjamin's sole claim arose in 2011, Defendants argue the claim is barred by the statute of limitations. The FCRA provides that "[a]n action to enforce any liability created under this subchapter may be brought . . . not later than the earlier of—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. The issue at present is whether Benjamin's claim was brought within two years after he discovered the violation that is the basis for liability.

Benjamin's Complaint alleges that his July 2011 credit report contained inaccurate information and that he notified Defendants of the inaccuracy. (Compl. ¶¶ 2, 11-12.) Because Benjamin discovered the alleged violation more than two years before filing this action, Defendants argue the claim is time-barred. Benjamin concedes this point. (*See* Pl.'s Resp. Mem. at 6-7, Apr. 18, 2014, ECF No. 18 ("Defendants are correct to the extent that Plaintiff's claim arising from the July 2011 dispute is time barred. If the July 2011 dispute was Plaintiff Benjamin's only dispute then his entire Complaint would be time barred.")). The Court also agrees. Benjamin's Complaint refers only to the July 2011 dispute. Therefore, as the parties agree, the claim fails under the operative statute of limitations.[3]

**B.      Notice to Wells Fargo**

Wells Fargo also argues that Benjamin failed to plead the necessary elements for a claim under the FCRA, specifically that Wells Fargo received notice from a CRA. The language of § 1681i(a) places two obligations on a CRA after a consumer disputes a credit report: (1) the duty to conduct a reasonable reinvestigation into the dispute, including consideration of all relevant information; and (2) the duty to provide notification of the dispute to a furnisher of information and include all relevant information regarding the dispute in that notice. *Edeh v. Equifax Info. Servs., LLC*, 974 F. Supp. 2d 1220, 1233 (D. Minn. 2013), *aff'd*, 2014 WL 1851001 (8th Cir. May 9, 2014). Once this notification is given to the

---

[3] The Court acknowledges that Benjamin's response memorandum presented the Court with numerous facts that are not contained in the Complaint, as did Benjamin's surreply, which is a filing not permitted by this District's Local Rules. Benjamin argues that he brought a claim for defamation and includes citations and quotations that he argues are contained in the Complaint, but are not. Although the Court is sympathetic that Benjamin appears to think he brought allegations that he did not, the Court cannot properly consider matters outside the pleadings on this motion.

furnisher, Wells Fargo in this case, the furnisher must conduct its own investigation and report back to the CRA on the accuracy of the disputed information. § 1681s-2(b)(1).

"Critically, the duties imposed by § 1681s-2(b) on a furnisher of information are triggered only when the furnisher 'receiv[es] notice pursuant to section 1681i(a)(2).' Notice received pursuant to § 1681i(a)(2) is notice received from a *consumer-reporting agency*, not notice received from a *consumer*." *Anderson v. Experian Info. Solutions, Inc.*, Civ. No. 08-5151 (PJS/JJK), 2009 WL 3644923, at \*3 (D. Minn. Nov. 2, 2009) (emphases in original), *aff'd sub nom. Anderson v. EMC Mortgage Corp.*, 631 F.3d 905 (8th Cir. 2011). Therefore, a furnisher of information is not required to investigate the accuracy of its reports about an account until the furnisher learns from a CRA (rather than a consumer) that the consumer is disputing the accuracy of the information reported by the furnisher. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) ("These duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)"); *Obarski v. Assoc. Recovery Sys.*, No. CIV.A. 13-6041 JLL, 2014 WL 2119739, at \*3 (D.N.J. May 20, 2014) ("to state a claim under [§ 1681s–2(b)], a plaintiff must plead that (1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information") (internal quotation marks and citation omitted).

Regarding notice, Benjamin's Complaint provides: "Plaintiff consumer has informed Defendant credit reporting agency and Defendant Mortgage Company of false information on consumer's credit report." (Compl. ¶ 2.) Courts consistently hold that notice to the furnisher is essential to bring a claim under § 1681s-2(b). *See Corrinet v. Wells Fargo Bank-Nat'l Ass'n*,

No. 10-CV-6355-TC, 2011 WL 3798795, at *5 (D. Or. Aug. 25, 2011) ("Wells Fargo cannot be liable for a private cause of action absent an allegation that Wells Fargo received notice of a consumer dispute *from a Credit Reporting Agency*." (emphasis in original)). Thus, Benjamin's failure to plead the necessary elements for a FCRA claim serves as an additional reason for dismissal as to Wells Fargo.

> ### C.     Amendment

The Court next considers whether Benjamin should have an opportunity to amend his Complaint. Federal Rule of Civil Procedure 15(a)(1)(B) provides in part that a party may amend its pleading once as a matter of course "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[4] Benjamin did not amend his Complaint during the operative time period, but seeks to do so through a conditional sentence at the end of his response memorandum. (Pl.'s Resp. Mem. at 12 ("If the Court were inclined to grant Defendant's dismissal, Plaintiff asks leave to amend the Complaint.")).[5]

The Federal Rules of Civil Procedure provide guidance for motion practice. Motions are to be made in writing; state the grounds for the motion with particularity; and set forth the relief or order sought. Fed. R. Civ. P. 7(b). "The particularity requirement of Rule 7(b) is met by submitting a proposed amendment with the motion for leave to amend the complaint." *Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983). District of Minnesota Local Rule 15.1(b) is in accord with that directive and provides that:

---

[4] Rule 15(a)(1)(B) is also explained in the Pro Se Civil Guidebook provided by the District of Minnesota to aid pro se civil litigants. *Pro Se Civil Guidebook* at 22, http://www.mnd.uscourts.gov/Pro-Se/Pro-Se-Civil-Guidebook.pdf (last visited June 16, 2014).

[5] Plaintiff also included the one-line request at the conclusion of his surreply, but as mentioned, such a filing is not permitted.

> Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading. If the court grants the motion, the moving party must file and serve the amended pleading.

Leave to amend a complaint "shall be given freely when justice so requires." Fed. R. Civ. P. 15(a). "Leave to amend generally is inappropriate, however, where the plaintiff has not indicated how it would make the complaint viable, either by submitting a proposed amendment or indicating somewhere in its court filings what an amended complaint would have contained." *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009). "A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading." *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002) (quoting *Carlson v. Hyundai Motor Co.*, 164 F.3d 1160, 1162 (8th Cir. 1999)).

The Court notes that a conditional request to amend placed at the conclusion of a response memorandum is far from ideal. *See In re 2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d 878, 884-85 (8th Cir. 2009) (affirming denial of leave to amend when the plaintiffs merely included a footnote stating that "[t]o the extent that the court finds the Complaint's allegations insufficient, plaintiffs respectfully request an opportunity to amend their claims" in their response to the motion to dismiss); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (directing that "in order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion" and finding no abuse of discretion where plaintiff sought leave to amend at the conclusion of her response to the motion to dismiss); *In re Iowa Ready-Mix Concrete Antitrust Litig.*, 768 F. Supp. 2d 961, 977 (N.D. Iowa 2011) (noting that, even when a plaintiff seeks leave to amend prior to dismissal,

"more than a footnote in a resistance brief requesting leave to amend, if the dismissal motion is granted, may be required").

Here, Benjamin did not take advantage of the opportunity afforded to him under Rule 15(a)(1)(B) following the filing of the motion to dismiss, nor has he filed a motion with this Court for leave to amend. Instead, he included a one-sentence conditional request at the end of his response memorandum. He also has not submitted a proposed amended complaint to the Court for consideration. Without this, the Court cannot ascertain whether leave to amend should be granted. *See Bommarito v. Vilsack*, No. 4:11CV423 FRB, 2012 WL 786227, at *2 (E.D. Mo. Mar. 9, 2012) (denying a pro se plaintiff's motion for leave to amend complaint because she did not submit a proposed amended complaint). Finally, although the Court could guess at what Benjamin's proposed amended complaint would contain, the Court cannot be sure because his theory of the case shifts. *See Meehan*, 312 F.3d at 914 (affirming denial of leave to amend and noting that "the district court was not required to engage in a guessing game" when plaintiff failed to file a motion to amend and failed to specify the proposed new allegations).

Because Benjamin has failed to file a motion with the Court that specifically requests leave to amend and failed to submit a proposed amended complaint, the Court will not treat his request as a motion. *McIrvin v. W. Side Unlimited Corp.*, No. 08-CV-127-LRR, 2010 WL 605651, at *8 (N.D. Iowa Feb. 18, 2010) (declining to treat a request to amend as a motion when plaintiff failed to comply with the local rule governing motions to amend). The Court will not permit the current Complaint to serve as a placeholder in order for Benjamin to bolster his allegations when all parties, including him, agree that the July 2011 incident is not actionable.

Even if the Court were to construe Benjamin's request as a motion, the Court would recommend it be denied. Although the undersigned recognizes Benjamin's pro se status and liberally construes his pleadings, proceeding pro se does not grant license to disregard the rules of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Here, Benjamin set forth an admittedly time-barred claim as the sole claim, raised numerous new allegations in his response memorandum, failed to move to amend, and failed to file a proposed amended complaint. The Court will not create precedent that supports a disregard of the rules and denies a party's opponents the opportunity to meaningfully respond. As such, the Court recommends dismissal of the Complaint without prejudice, but not leave to amend. Such a dismissal allows Benjamin to re-evaluate his position, and, if he chooses to file another action, return to the Court in a more prepared state.

### III.    Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Wells Fargo Home Mortgage's Motion to Dismiss (ECF No. 8) be **GRANTED**;

2. Defendant Experian Information Solutions, Inc.'s request to join Wells Fargo's motion be **GRANTED**;

3. This case be **DISMISSED WITHOUT PREJUDICE**; and

4.   **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: June 17, 2014                                  _s/ *Jeanne J. Graham*_
                                                     JEANNE J. GRAHAM
                                                     United States Magistrate Judge


### NOTICE

        Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this
Report and Recommendation by filing and serving specific, written objections by **July 7,
2014**.  A party may respond to the objections within fourteen days after service thereof. Any
objections or responses shall not exceed 3,500 words.  The district judge will make a de novo
determination of those portions of the Report and Recommendation to which objection is
made.  The party making the objections must timely order and file the transcript of the hearing
unless the parties stipulate that the district judge is not required to review a transcript or the
district judge directs otherwise.